IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LENADO S. SUMMAGE,<br><br>    Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services,<br><br>    Respondent. | CASE NO. 8:21-CV66<br><br><br><br>**BRIEF IN RESPONSE<br>TO BRIEF OF RESPONDENT** |

    COMES NOW, the Petitioner, Lenado S. Summage, by and through his attorneys, Taylor N. Renfro and Joseph L. Howard, and hereby responds to the State of Nebraska's Answer. The State makes numerous arguments that the Petitioner's habeas claims have been procedurally defaulted because the Petitioner failed to fairly present such claims to the state courts/and or failed to follow state procedural rules. The State further alleges that to the extent that the Petitioner's habeas claims have not been procedurally defaulted, they are without substantive merit and/or the Nebraska courts reached a decision that was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States and was not based on an unreasonable determination of the facts in light of the evidence presented in state court. The Petitioner responds as follows:

**A. The Petitioner's Petition for Habeas Corpus Relief Is Not Procedurally Defaulted**

    The State argues that that the Petitioner's Application for Writ of Habeas Corpus is procedurally defaulted. There is no merit to this argument. The Petitioner has filed an application for writ of habeas corpus with the United States District Court for the District of Nebraska. "An application for a writ of habeas corpus can only be granted if the applicant has

1

exhausted all of the available state court remedies." *Bell-Bey v. Roper,* 499 F.3d 752, 756 (8th Cir. 2007); see also 28 U.S.C. §2254(b)(1)(A). Thus, "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" means that each habeas claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court. See *Akins v. Kenney,* 410 .3d 451, 454 (8th Cir. 2005). A habeas petitioner must "fairly present the facts and substance of his habeas claim to the state court" in order to exhaust his state court remedies. *Carney v. Fabian,* 487 F.3d 1094, 1096 (8th Cir. 2007).

The State argues that the Petitioner's habeas claims have been procedurally defaulted because Petitioner failed to fairly present such claims to the state court and/or failed to follow state procedural rules and is now barred from raising the claims in a successive state motion for postconviction relief. The State's argument lacks merit in that the Petitioner did give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

The Petitioner was convicted by a jury in the District Court of Douglas County, Nebraska, of first degree sexual assault. On November 17, 2015, the Nebraska Court of Appeals affirmed the Petitioner's conviction and sentence and issued a Mandate. The Petitioner filed a Petition for Further Review with the Nebraska Supreme Court on January 13, 2016 which was ultimately denied. On January 30, 2017, the Petitioner filed a motion for postconviction relief in Douglas County District Court, which was ultimately denied following an evidentiary hearing. The Petitioner appealed the decision of the District Court Judge and the Nebraska Court of Appeals affirmed the District Court's decision on November 5, 2020. The Petitioner filed a

Petition for Further Review with the Nebraska Supreme Court which was denied on January 20, 2021. The Petitioner has thus now filed his habeas petition on February 24, 2021.

The Petitioner alleged claims in his state court proceedings were related to the denial of the Petitioner's right to due process guaranteed to him by Article I, Section III of the Nebraska State Constitution and the 5th and 14th Amendment of the United States Constitution. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 90 S.Ct. 1068, 1073 (1970). Claim One of the Petitioner's habeas corpus petition alleges that the Petitioner was denied due process of law due to insufficiency of the evidence to prove that the Petitioner was guilty of sexual assault in the first degree. The Petitioner's further claims that his right to confront all witnesses was denied when the District Court allowed the sexual assault nurse to testify to out of court statements made by the alleged victim. Third, the Petitioner argues that he was denied effective assistance of trial counsel, and fourth, that he was denied effective assistance of appellate counsel which is protected by the 6th Amendment of the United States Constitution. Each of these claims are federal constitutional rights that have been brought as claims in the Petitioner's prior appeals. Thus, the Petitioner's claims are not procedurally defaulted.

    **B. The Petitioner's Claims Are with Substantive Merit and/or Were Based on an Unreasonable Determination of Facts in Light of Evidence Presented in State Court**

       **1. Summage Was Denied Due Process of Law in That There Was Insufficient Evidence to Convict Petitioner of First Degree Sexual Assault**

The Petitioner was denied Due Process of Law in violation of the 5th Amendment of the United States Constitution. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged." *In re Winship,* 397 U.S. 358, 364 90 S.Ct. 1068, 1073 (1970). The evidence presented at trial was insufficient to support a conviction for first degree sexual assault.

The Nebraska Court of Appeals erred in finding that there was sufficient evidence to support the Petitioner's conviction. The Nebraska Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. The Nebraska Court of Appeals erred in their determination because the evidence was insufficient to show that the Petitioner was the assailant for several reasons including (1) that neither he nor his vehicle matched the description provided by F.G., (2) his DNA was not found on F.G.'s person or on her clothing, and (3) F.G. was unable to identify the Petitioner in photo line ups and impermissibly identified him in the courtroom in which he was the only African-American male sitting in the courtroom.

F.G.'s description of the assailant and the vehicle did not match the Petitioner's description or vehicle. F.G. told Quinlan that her attacker was clean shaven, African-American male with no tattoos. However, videos surveillance from the Kwik Shop on April 6, 2013, showed the Petitioner wearing a baseball cap and was known to have tattoos "all up his arm" and possibly a couple on his neck. Further, the video surveillance showed that the Petitioner was not clean shaven in that he had a partial goatee. The description given by F.G. does not match the physical characteristics of the Petitioner as the Petitioner actually had hair on his face, was not clean shaven, and had tattoos "all up his arm" and possibly a couple on his neck. Even if the parking lot where the assault occurred, F.G. would most certainly have seen at least a few tattoos on the Petitioner's body as she alleges that the assailant removed his shirt prior to sexually assaulting her.

4

Most notably, the identification of the Petitioner at trial was unduly suggestive in violation of the Due Process doctrine. F.G. was unable to pick out the Petitioner out of a photo lineup and only identified the Petitioner as her assailant after observing the only African-American male in the courtroom on the day of trial. The Supreme Court held in *Manson v. Brathwaite,* that the admissibility of an identification is determined by weighing the corrupting effect of the suggestive identification against factors showing the identification to be reliable notwithstanding the suggestiveness of the police-staged confrontation. *Manson v. Brathwaite,* 432 U.S. 98, 113-14 (1977). In the instant case, the victim was unable to identify the Petitioner when she was shown a photo lineup of several African American men and was only able to identify the Petitioner when he was the only African American male in the courtroom on the day of trial. This is extremely suggestive and an impermissible form of identification. Thus, the Nebraska Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in state court.

Finally, F.G.'s description of the vehicle driven by her assailant did not match that of the vehicle driven by the Petitioner. As the State notes, the surveillance video from the Kwik Shop shows that the Petitioner was driving a metallic, gold colored car with no front license plate. Jimerson also testified that the Petitioner was driving a gold, two-door car with in-transit signs in the front and back windows. However, F.G. testified that her assailant was driving a two-door, dark colored vehicle, and that she did notice any in-transit signs on the vehicle. F.G. further testified at her deposition that her assailant had been driving a gray vehicle that was not metallic. The description of a vehicle being not metallic and dark and gray colored is much different than what the Petitioner was shown driving through the video surveillance. F.G. saw the Petitioner's vehicle at the Kwik shop and further would have seen her assailant's vehicle prior to being

picked up down the street and when she was dropped off at the bus station. The description of the assailant's vehicle by F.G. simply does not match the Petitioner's vehicle's description. Further, there was no DNA evidence found to support a finding that the Petitioner sexually assaulted F.G.

Taken as a whole, the evidence was insufficient to show that the Petitioner was the assailant and thus the Nebraska Court of Appeals erred and unreasonably determined the facts in light of the evidence presented. Thus, the Petitioner is entitled to relief.

*2.* **The Petitioner Was Denied His Right to Confrontation and Violation of Hearsay**

The Petitioner was denied his right of confrontation when the state district court allowed Jennifer Tran, the sexual assault nurse, to testify as to out-of-court statements made by F.G. (Filing No. 6 at CM.ECF p.1). The State argues that the Petitioner's claim has been procedurally defaulted alleging that the Petitioner did not preserve the alleged error for appeal. Summage's trial counsel did object to the statements made by Jennifer Tran, the sexual assault nurse. Further, the Petitioner did allege both hearsay and confrontation grounds in his brief. (Filing No. 10-5 at CM/ECF pp.16-19. Thus, the Petitioner's claim is not procedurally defaulted and not unexhausted. Further, Jennifer Tran was permitted to testify over objection to statements unrelated to treatment and diagnosis of F.G.'s medical condition such as a description of her assailant, the car ride, the presence of a threat, the location of the assault, the offer to buy a bus ticket. This testimony by Jennifer Tran does not fall under the medical exception to the hearsay rule and is clearly hearsay. The Petitioner is entitled to relief under this claim.

*3.* **The Petitioner Was Denied His 6th Amendment Right to Effective Assistance of Counsel**

The Petitioner was denied his right to effective assistance of counsel as guaranteed to him by the 6th Amendment of the United States Constitution. The Petitioner did present allegations

of ineffective assistance of counsel in both his postconviction appeal to the Nebraska Court of Appeals, as well as in his Petition for Further Review to the Nebraska Court of Appeals. In both filings, the Petitioner presents to the respective state courts that his 6th Amendment Constitutional right of effective assistance of counsel was violated and therefore his claims are not procedurally defaulted.

    a. **Failure to Pursue a Statutory Speedy Trial Violation**

The Petitioner's trial counsel was ineffective in failing to pursue a statutory speedy trial violation. The State writes that when a defendant alleges he or she was prejudiced by trial counsel's failure to properly assert the defendant's speedy trial rights, the court must consider the merits of the defendant's speedy trial rights under *Strickland. State v. Collins,* 907 N.W.2d 721 (Neb. 2018). The State further points that "only if a motion would have resulted in the defendant's absolute discharge, thus barring a later trial and conviction, could the failure to move for discharge be deemed ineffective assistance. *Id.* In the instant case, the Petitioner did file a pro se Motion to Dismiss for Violation of Speedy Trial Rights with the Clerk of the District Court in Douglas County, Nebraska on May 27, 2014. The trial court never held a hearing on this motion and Petitioner's trial counsel nor Petitioner never filed a motion to withdraw that motion. Thus, a motion was filed which would have resulted in the absolute discharge that would have barred a later trial and conviction.

The State argues that there were three periods of excludable time pursuant to §29-1204(4). First, on August 8, 2013, the Petitioner requested a continuance until September 11, 2013, which extended the trial deadline by 34 days. The Petitioner acknowledged this period should be excluded. Second, the record shows that on September 16, 2013, the Petitioner filed a motion to seek production of the victim's mental health records pursuant to *State v. Trammell,*

7

[435 N.W.2d 197 (Neb. 1989)]. On April 9, 2014, the State disposed of the *Trammell* motion by ordering the State to provide the mental health records to Summage. The State was negligent in failing to produce the records for in camera review by the district court in failing to provide the mental health records to Summage for 205 days. Finally, on May 15, 2014, the Petitioner filed a motion in limine seeking to prevent the victim from testifying at trial. The District Court filed on the motion in limine on June 16, 2014. However, the Petitioner had filed a pro se motion to dismiss, alleging that his right to a speedy trial had been violated. That motion was still pending on September 22, 2014, the date that the Petitioner went to trial.

    The Petitioner's trial counsel erred in not asking the court for a hearing or decision on the motion to dismiss due to a speedy trial violation. The Petitioner's trial counsel could have asked for a decision or a hearing on the motion when the motion in limine was ruled on June 16, 2014. The Petitioner's trial counsel was deficient in failing to follow up on the motion to dismiss by requesting a hearing on the motion. Further, due to counsel's failure to request a hearing or decision on the motion to dismiss, the Petitioner's clock was tolled and the courts found that the deadline for speedy trial purposes had not run. The record shows a total of 342 excludable days from the speedy trial calculation in this case. After adding the excluded time, the court found that the deadline for trial was December 11, 2014 and therefore the deadline for speedy trial purposes had not run. However, if trial counsel had requested a hearing on the motion to dismiss then the clock would not have been tolled for the 103 days and the Petitioner's right to a speedy trial would have been violated. A reasonable attorney would have made certain that all decisions on motions would have been ruled upon prior to trial, especially one that would have resulted in the Defendant's case potentially being dismissed. Therefore, the Petitioner was prejudiced in that his motion was never heard and his case was not dismissed due to violation of his speedy

trial clock. Thus, but for trial counsel's failure to request a hearing and decision on the motion, Petitioner's proceedings would have been different.

### b. Failure to Object to Closing Arguments

The Petitioner's trial counsel was ineffective for failing to object to some of the prosecutor's remarks during closing arguments. The Nebraska Court of Appeals was unreasonable in finding that trial counsel was ineffective. The State does argue that prosecutors generally may not give their personal opinions on the veracity of a witness or the guilty or innocence of the accused. *State v. Stricklin,* [916 N.W.2d 413 (Neb. 2018)]. Further, the State does acknowledge that in cases where the prosecutor comments on the theory of defense, the defendant's veracity, or the defendant's guilt, the prosecutor crosses the line into misconduct only if the prosecutor's comments are expressions of the prosecutor's personal beliefs rather than a summation of the evidence. *Id.* In the instant case, the prosecutor in closing arguments in reference to the sexual assault examination the victim underwent at the hospital and stated: "Someone making that up does not do that" (329:20-24). The prosecutor further said "Everything the victim had to go through is bad. Nothing good. But she did it. Why? Because it happened." (330: 16-17). The comments made by the prosecutor in the closing statements did cross the line into misconduct because it was an expression in to the prosecutor's personal beliefs. The prosecutor believed that a person "making it up" would not go through a lengthy examination, however this is the prosecutor's personal opinion. The prosecutor may not argue what he believes a person would and would not do. Therefore, Summage's trial counsel was ineffective in failing to object to this prosecutorial misconduct. Further, the Nebraska Court of Appeals was unreasonable in their determination that it was not ineffective, because his counsel's failure to

object was deficient and that Summage was prejudiced by his failure to object because the jury was allowed to consider the comments of the prosecutor.

### c. Failure to Move to Suppress an In-Court Identification

Summage's trial counsel was ineffective in failing to move to suppress the in-court identification made by the victim, F.G. As mentioned previously in this brief, the Respondent's due process was violated as the in court identification by F.G. was unduly suggestive. F.G. was unable to identify Summage in photo lineups, however was able to identify the Petitioner in court as he was the only African-American male sitting in the courtroom. F.G. testified that the only reason why she was unable to recognize him in other photo line ups was because the lighting was different. However, lighting in a trial courtroom is not a substantial difference for a victim to be able to differentiate the one African-American male in the courtroom to the other non-African American people inside the courtroom.

Under the Due Process doctrine, the admissibility of an identification is determined by weighing the corrupting effect of the suggestive identification against factors showing the identification to be reliable. *Manson v. Brathwaite,* 432 U.S. 98, 113-14 (1977). In the present case, the victim, F.G. was given a photo line up on several African-American men in which she was unable to identify her assailant. However, on the day of trial when asked to identify who her assailant was, she identified the only African American male in the courtroom. This is exactly the unduly suggestive identification tactic that the Due Process doctrine is designed to protect. Summage's trial counsel failed to move to suppress the in-court identification of Summage which in turn resulted in Summage being found guilty of sexual assault. A reasonable attorney would have moved to suppress this impermissible identification as there would have been no positive identification of the assailant made by any witness. Had trial counsel moved to suppress

10

this identification, the proceedings would have been different as the jury would have been able to consider that the victim was unable to positively identify her assailant. Thus, the Nebraska Court of Appeals reached a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States and was based on an unreasonable determination of the facts in light of the evidence presented in state court.

### d. Counsel Was Ineffective in Failing to Investigate, Depose, and Question an Alibi Witness

Finally, the Petitioner's trial counsel was ineffective in failing to investigate, depose, and question an alibi witness of the Petitioner. On August 5, 2014, counsel filed a Notice of Alibi with the Clerk of the District Court. However, trial counsel presented no evidence of an alibi witness at the time of trial as a witness for the defense. Further, trial counsel failed to interview Ms. Shaquita Arps (Bennett), the alibi witness as requested by the Petitioner. Had trial counsel properly investigated and deposed Ms. Shaquita Arps, the court would have found that the Petitioner was with the alibi witness for at least part of the approximately two hour time period in which the victim claims she was in the assailant's car. Trial counsel's performance fell below an objective standard of reasonableness because an attorney owes an affirmative duty to investigate the facts related to a possible defense. A reasonable attorney would have investigated a potential alibi which would have resulted in a finding of their client's innocence. Trial counsel's failure to investigate, depose, and question the alibi witness resulted in the Petitioner's failure to present an alibi which would have resulted in finding that the Petitioner was not with the victim during the alleged time of assault. Therefore, the Petitioner was prejudiced by trial counsel's error. Thus, Petitioner's claim of ineffective assistance of counsel is with merit and that the Petitioner is entitled to relief.

**Conclusion**

Petitioner respectfully requests that this Court set the matter for an evidentiary hearing on his writ of habeas corpus petition.

LENADO SUMMAGE, Petitioner

By: /s/Joseph L. Howard
Taylor N. Renfro, #26684
Joseph L. Howard, #22743
DORNAN, TROIA, HOWARD, BREITKREUTZ,
CONWAY & DAHLQUIST, P.C. LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
Telephone: (402) 884-7044
*Attorneys for Petitioner*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant: Lenado S. Summage, Inmate #81379, the Nebraska State Penitentiary, PO Box 22500, Lincoln, NE 68542-2500.

/s/ Joseph L. Howard