IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LENADO S. SUMMAGE, | ) | 8:21CV66 |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPLY BRIEF OF RESPONDENT** |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

This brief is submitted in response to Petitioner's brief (filing no. 16).

### Argument

#### *Claim 1*

Summage's first habeas claim is that he was denied due process of law since the evidence was insufficient to prove that he was guilty of first degree sexual assault. (Filing No. 6 at CM/ECF p. 1) This claim was rejected on the merits by the Nebraska Court of Appeals. (Filing No. 10-3 at CM/ECF pp. 6-8)

Summage argues in his brief that the state appellate court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. (Filing No. 16 at CM/ECF pp. 3-6) Summage, however, does not take issue with any of the factual findings of the Nebraska Court of Appeals. (*Id*.) Instead, Summage is essentially asking this Court to reweigh the evidence presented to the jury. (*Id*.) Under the extremely deferential standard of review applicable in federal habeas cases, however, the question before this Court is whether the state court's application of the federal law was objectively unreasonable. *See, e.g., Rousan v. Roper,* 436 F.3d 951, 956 (8th Cir. 2006). Here, the state court's decision that the evidence presented at trial was sufficient to support Summage's conviction was not unreasonable.

Summage was standing outside the Kwik Shop talking to Jimerson when F.G. exited the store. (Filing No. 10-16 at CM/ECF pp. 45-46, 58-60, 70-71, 103-04) Summage asked F.G. how she was doing and he watched her as she walked south through the parking lot. (*Id*. at CM/ECF pp. 47-48, 103-05) Summage suggested to Jimerson that he should give F.G. a ride, and a few minutes later, Summage entered his vehicle, drove out of the Kwik shop parking lot, and headed in the same direction F.G. was walking. (*Id*. at CM/ECF pp. 46-52, 60-64) A man matching Summage's general physical description then pulled up next to F.G. in a 2-door vehicle and offered to give her a ride. (*Id*. at CM/ECF pp. 106-09) Once F.G. was inside the vehicle, the man said his name was "Leo" and explained that Leo was short for another name. (*Id*. at CM/ECF p. 111) Although F.G. could not remember the exact name Leo had provided, she knew it was something "weird." (*Id*.)

The evidence showed Summage was a stocky, dark-skinned African-American male with a thin or partial goatee and clean-shaven cheeks, who also wore glasses. (*Id*. at CM/ECF pp. 66, 92, 177-8) In addition, Summage drove a 2-door vehicle and was known as "Leo," which was short for Lenado. (*Id*. at CM/ECF pp. 43-44) While F.G.'s description of Summage and his vehicle were not correct in every respect, all of the discrepancies noted at trial were adequately explained. The majority of the encounter between F.G. and Summage occurred inside Summage's vehicle when it was dark. Thus, the fact that F.G. may have been mistaken about the color of the vehicle's exterior or whether Summage had a slight goatee and tattoos on his arms was not inconsistent with the factual setting of the assault. Moreover, F.G.'s identification of Summage at trial, was an issue of credibility for the jury. The jury was aware that F.G. could not pick Summage out of a photo lineup after the assault and that she testified in her deposition just prior to

trial that she did not remember what her attacker's face looked like. (Filing No. 10-16 at CM/ECF pp. 137-39) Even without the in-court identification, there was sufficient circumstantial evidence, as discussed above, which implicated Summage in the offense.

As for the lack of DNA evidence, as the state appellate court stated, "the fact that his DNA was not found, does not equate to a finding that he was not F.G.'s attacker." (Filing No. 10-3 at CM/ECF p. 8) No complete DNA profile was found on the items tested other than F.G.'s own DNA. (Filing No. 10-17 at CM/ECF pp. 21-22) There were partial DNA profiles found on F.G.'s buttocks and underwear but a contributor could not be identified. (*Id*. at CM/ECF pp. 24-29) The DNA analyst testified that the use of a condom would greatly reduce the likelihood of locating a second DNA source in a vaginal swab and that the overwhelming number of female cells in a vaginal swab make it difficult to generate a male profile off of skin cells or saliva alone. (*Id*. at CM/ECF pp. 24, 40) The failure to find Summage's DNA on F.G.'s person or clothing does not mean the evidence was insufficient to support the conviction.

Given the evidence presented at trial, Summage cannot establish that the appellate court's decision was contrary to, or involved an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Summage also has not established that the decision was based on an unreasonable determination of the facts. Summage is not entitled to habeas relief on Claim 1.

### *Claim 2*

Summage's second habeas claim is that he was denied his right of confrontation when the state district court allowed the sexual assault nurse to testify as to out-of-court statements made by F.G. (Filing No. 6 at CM/ECF p. 1) Respondent argued in his initial brief that this claim has been procedurally defaulted as it was not properly preserved

under state procedural rules. (Filing No. 12 at CM/ECF pp. 19-20) Summage has not attempted to establish cause and prejudice for his default, and thus, Respondent will not address this claim further.

### *Claims 3 & 4*

Summage's third and fourth habeas claims involve allegations of ineffective assistance of trial and appellate counsel. (Filing No. 6 at CM/ECF p. 1) Summage alleged three separate grounds of ineffective assistance of counsel: (1) failure to pursue a statutory speedy trial violation; (2) failure to file a motion to suppress the victim's in-court identification testimony; (3) failure to investigate or present alibi evidence; and (4) failure to object to certain remarks made by the prosecutor during closing arguments. (Filing No. 1 at CM/ECF pp. 9-12)

#### Ground 1

Summage focuses in his brief on the fact that he had filed a pro se motion for discharge prior to trial that was never ruled on by the district court. (Filing No. 16 at CM/ECF pp. 7-9) Summage's ineffective assistance of counsel claim is that trial counsel should have pursued a statutory speedy trial violation. Whether trial counsel should have done that by insisting on a ruling to the pro se motion or by filing a separate motion for discharge, the result would still be the same – the statutory speedy trial deadline had not expired. Because the statutory deadline had not been violated, defense counsel was not ineffective for failing to pursue Summage's statutory right to a speedy trial.

#### Grounds 2 & 3

Respondent argued in his initial brief that these grounds have been procedurally defaulted as Summage did not present those grounds all the way to the Nebraska Supreme Court in his petition for further review. (Filing No. 12 at CM/ECF p. 20)

Summage has not attempted to establish cause and prejudice for his default, and thus, Respondent will not address these grounds further.

Ground 4

Summage is not entitled to relief on the fourth ground of ineffective assistance of counsel because he cannot establish that the decision of the Nebraska Court of Appeals was contrary to, or involved an unreasonable application of, *Strickland v. Washington*. The Nebraska Court of Appeals carefully examined the statement made by the prosecutor and found that the prosecutor's comments did not amount to prosecutorial misconduct because the prosecutor was permitted to highlight the believability of witnesses, and thus, trial counsel not ineffective for failing to object to the comments. This decision was not unreasonable. A review of the prosecutor's closing argument establishes that the prosecutor was simply arguing the victim's credibility based on the evidence presented at trial. (Filing No. 10-18 at CM/ECF pp. 49-58). Because that argument was based on reasonably drawn inferences from the evidence, it did not constitute misconduct or provide grounds for an objection, and the decision of the state appellate court was not unreasonable.

Summage is not entitled to relief on his third and fourth habeas claims.

## Conclusion

Respondent respectfully requests that this Court determine that an evidentiary hearing is not required and dismiss Summage's habeas petition with prejudice.

Scott R. Frakes, Respondent,

BY   DOUGLAS J. PETERSON, #18146
Attorney General

BY   s/Erin E. Tangeman
Bar number: 22924
Assistant Attorney General
Attorneys for Respondent
2115 State Capitol
Lincoln, NE 68509-8920
Telephone: (402) 471-2682
Fax: (402) 471-3835
Erin.Tangeman@nebraska.gov

Certificate of Service

I hereby certify that on October 13, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Petitioner's counsel of record: Joseph L. Howard.

s/Erin E. Tangeman
Bar number: 22924
Assistant Attorney General